IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZMIN GARZA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-1275-RGA |
| HOOP RETAIL STORES LLC, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

The Plaintiff alleges she was injured in a slip and fall in McAllen, Texas, on May 4, 2007. Unfortunately for her, the party she seeks to hold responsible declared bankruptcy in Delaware. Now before the Court are two motions to determine whether the slip and fall should be litigated in Delaware or in the Southern District of Texas. There is no doubt that this Court should make that decision. 28 U.S.C. § 157(b)(5). It also appears that the debtor's choice of forum is a significant factor: "[A]s a practical matter, ... motions to transfer are typically not granted over the objection of the debtor." *Hopkins v. Plant Insulation* Co., 342 B.R. 703, 716 (D.Del. 2006).

In making this discretionary decision, I have considered the factors set forth in *Hopkins*. In brief, the only issues in this case are Texas state law issues, but they should be very simple ones. There are no related proceedings. This case is not a "core" proceeding. It will be entitled to a jury trial, and the Plaintiff is a non-debtor party. The choice of the Delaware as a bankruptcy venue did not involve any forum shopping (at least in relation to this case). In my opinion, the

main factor, which weighs in denying the transfer to Texas, is that this case appears to be the last substantive matter in the bankruptcy. The main factor which supports transferring the case to Texas is that the Plaintiff may be hard put to litigate her claim in Delaware (although, as the Defendant points out, she has no shortage of lawyers, and has litigated in multiple courts so far). In addition, the Defendant has committed to deposing the Plaintiff and her expert witnesses in Texas. (D.I. 15, p. 11).

Thus, the Plaintiff's Motion to Transfer (D.I. 12) is **DENIED**. The Defendant's Cross-Motion to Transfer (D.I. 14) is **GRANTED**. A separate order referring the case to the Bankruptcy Court for all matters except jury trial will be entered.

Richard G. Andrews
United States District Judge 9/3/12